UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

|  |  |  |
|---|---|---|
| BILLY GIBSON, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | CASE NO. 2:25-CV-58 |
| COMMISSIONER OF SOCIAL SECURITY, | ) ) ) | |
| Defendant. | ) ) ) ) | |

# OPINION AND ORDER

On April 9, 2025, Plaintiff brought this action under 42 U.S.C. §§ 405(g) for review of the final decision of the Commissioner of Social Security. [Doc. 4]. Upon consent of the parties pursuant to 28 U.S.C. § 636(c), this Court has jurisdiction over this matter through entry of final judgment. [Doc. 12].

Claimant filed Appellant's Brief [Doc. 13] on July 8, 2025, in which he asserts that the Administrative Law Judge ("ALJ") did not account for the total limiting effects of his impairments. *Id*. Specifically, Claimant takes issue with the ALJ's finding that he can perform the arduous physical demands of medium work on a regular and continuous basis. More specifically, Claimant asserts that the ALJ had insufficient evidence in the record to formulate his RFC, that the ALJ improperly discounted his reported symptoms, gave improper weight to certain information contained within Claimant's medical records, and failed to build a logical bridge between his analysis of the evidence of record and his determination that Claimant retained the ability to perform medium exertion work.

On September 17, 2025, the Commissioner filed a response [Doc. 17], arguing that there was sufficient evidence in Claimant's record from which the ALJ could formulate Claimant's RFC and

render a decision. Further, the Commissioner argued that the ALJ's decision to reduce Claimant's ability to perform work to only the medium level of exertion was supported by substantial evidence.

Shortly thereafter, Claimant filed a Reply [Doc. 18], in which he emphasized that there were abnormal findings in his medical records, to which the ALJ cited in his decision. Claimant contends that the ALJ used "the most nefarious interpretation of evidence that is simply vague" in rendering his decision. [Doc., 18, p.3]. Claimant further emphasizes his contention that the ALJ did not adequately explain his determination that Claimant retained the ability to perform medium work given Claimant's own symptoms complaints when combined with the record medical evidence.

The Court then conducted a hearing in this matter by video on March 5, 2026, during which the Court addressed the parties' briefs. During the hearing, Karl E. Osterhout, Esq., appeared and offered argument for Claimant and Sarah Preston, Esq. appeared and offered argument for the Commissioner. Following oral argument, the Court set forth the standard of review on the record, including the law applicable to each of its findings, and issued its ruling from the bench.

After considering the parties' filings, the oral arguments offered by their counsel, and the record in this matter, and for all of the reasons stated on the record by the Court, which are hereby incorporated by reference as though fully restated herein, the Court finds that the ALJ had sufficient evidence in the record from which to formulate Claimant's RFC. While the state agency reviewers had opined that they did not have sufficient evidence to adequately assess Claimant's disability claim, both noted that this was primarily the result of Claimant's failure to provide requested information. Tr. 58, 67. Further, by the time the ALJ issued his ruling he had additional medical records and Claimant's own testimony on which to base his RFC formulation and disability determination.

The Court further finds that substantial evidence supports the ALJ's determination that Claimant maintained the ability to perform medium exertion work. While the Court notes that

Claimant has physical and mental health conditions that are documented by his medical records, the ALJ's decision demonstrates that he considered the objective evidence of those conditions contained within Claimant's medical records, as well as Claimant's own statements to his medical providers about those conditions, and used that information to then place into context Claimant's hearing testimony regarding his symptoms.

The Court specifically finds that the ALJ did not take the most "nefarious" view of the information contained in Claimant's medical records nor did the ALJ improperly discount Claimant's own symptom reports. Instead, the ALJ properly considered Claimant's reports of symptoms under SSR 16-3P and was entitled to find that Claimant's symptoms were less likely to reduce his capacity to perform work-related activities because his statements were inconsistent with the overall record evidence. For example, Claimant testified during his January 9, 2024 hearing before the ALJ that he could not bend over at all, could stand for only 15 minutes without a break, and regularly experienced dizziness and shortness of breath. Tr. 38-39. In contrast, on April 19, 2023, Claimant advised one of his treatment providers that "[h]e does still feel pretty tired, *especially after working all day*." *Id.* at 426 (emphasis added). Then on June 29, 2023, Claimant's treatment records reflect that "[he] *does report he works outside- mowing lawns*…." *Id.* at 435 (emphasis added). During that appointment, Claimant also denied headaches, visual changes, dizziness, shortness of breath and extremity numbness and weakness. *Id.* at 434. These entries in Claimant's medical records demonstrated that he was not only working, but engaging in physical work outdoors, presented a stark contrast to Claimant's hearing testimony regarding his symptoms.

Claimant also emphasizes points in his medical records where his dose of gabapentin was significantly increased following Claimant's complaints of significant pain. However, on July 18, 2022, Claimant's treatment records reflect that his pain had improved and was controlled by this medication, and that Claimant was experiencing no side effects. *Id.* at 348. The record further advises

that Claimant "does find [the gabapentin] to be effective for his pain." *Id*. The same observations appear in Claimant's medical record from his June 29, 2023 visit with his treatment providers. Given these findings and observations made by Claimant's medical providers as to the effectiveness of Claimant's gabapentin in addressing his pain and the lack of side effects, based upon Claimant's own reports to them, substantial evidence supported the ALJ's conclusion that Claimant's medication was effective in addressing his pain without significant side effects. Pursuant to SSR 16-3P, the ALJ was entitled to consider the inconsistencies between the symptoms Claimant testified to in his hearing and the statements contained in the medical evidence of record in determining that Claimant's ability to perform work was not as limited as Claimant suggested.

Finally, the Court finds that the ALJ acknowledged the findings in Claimant's medical records that might have weighed in favor of finding that Claimant could perform work at a level less than medium exertion, however, he then explained how other findings in the record supported the conclusion that Claimant could perform this level of work. Tr. 19, 23. For instance, the ALJ observed that despite Claimant experiencing some spine tenderness, his extremities and musculature were normal, he was not experiencing extremity numbness or weakness, his deep tendon reflexes in his lower extremities were normal as was his strength, and while he had been observed to have an antalgic gait once back in 2017, current evidence demonstrated no antalgic gait or limp. *Id.* at 23.

In summary, the Court finds that substantial evidence supported the ALJ's factual findings and that he conformed to the relevant legal standards. 42 U.S.C. § 405*; Blakely v. Comm'r of Soc. Sec.*, 581 F.3d 399, 405 (6th Cir. 2009). Additionally, even if the record evidence could have supported a finding that Claimant was limited to light exertion work, the ALJ was acting within his zone of choice in determining that Claimant retained the ability to perform medium exertion work. *Wright-Hines v. Comm'r of Soc. Sec.,* 597 F.3d 392, 395 (6th Cir. 2010) (citing *Blakely,* 581 F.3d at 405).

Accordingly, for the reasons stated above, the Court **DENIES** the relief requested in Claimant's Complaint, Brief, and Reply [Docs. 4, 13, & 18], and **AFFIRMS** the decision of the ALJ.

SO ORDERED:

/s/Cynthia Richardson Wyrick
United States Magistrate Judge